The Honorable Henry "Hank" Wilkins, IV State Senator 717 West Second Avenue Pine Bluff, Arkansas 71601
Dear Senator Wilkins:
I am writing in response to your request for an opinion concerning compliance with Act 1207 of 2003, which prohibits racial profiling. Specifically, you note that Act 1207 (now codified at A.C.A. §§12-12-1401 to -1404 (Supp. 2003)), created a task force on racial profiling by Arkansas law enforcement agencies. The act also requires all law enforcement agencies of the State to adopt written policies that: 1) prohibit racial profiling; 2) require reasonable suspicion to stop, arrest or detain individuals; 3) define reasonable suspicion to ensure that individuals are stopped for valid reasons; 4) require law enforcement officers to "identify themselves" by full name and jurisdiction and state the reason for the stop; 5) provide a systematic review process by supervisory personnel to investigate allegations of racial profiling; 6) provide timely assistance, remediation or discipline to officers engaging in racial profiling; 7) ensure that supervisors will not retaliate against officers who report racial profiling and 8) provide standards for the use of in-car audio and visual equipment. See A.C.A. § 12-12-1403.
You have enclosed with your request a list of some 800 law enforcement agencies within the State and ask that I issue an opinion as to "whether or not the language of the racial profiling policies of state, county, and local law enforcement agencies in Arkansas complies with Act 1207 of 2003."
RESPONSE
I regret that I am unable to comply with your request. As I recently stated in Op. Att'y. Gen. 2004-216, ". . . the construction of local municipal policies and ordinances is not within the purview of this office. It has long been the policy of the Attorney General's office to decline to construe the provisions of local ordinances. See Ops. Att'y. Gen. No. 2004-173; 2003-260; 2003-063; 2002-306; 2002-290; 2001-374; 2001-283; 2001-258; 99-287; 99-146; 99-088; 99-068; 97-080; and 97-038. This policy applies equally to the construction of municipal policies and procedures." Id. at 1.
In addition, the Attorney General's office has not been given regulatory authority over the various law enforcement agencies to ensure that the racial profiling policy of each complies with the Act. This office provides legal representation to some of the state government law enforcement agencies appearing on the list you have enclosed and we will of course provide any requested legal advice to ensure compliance on the part of those agencies. Otherwise, absent additional legislation, the matter of compliance is one to be determined by each agency in consultation with the counsel to whom it normally looks to for legal advice.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh